UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHAWN HENNIGAN, Individually and On Behalf of All Others Similarly Situated, **Plaintiff,** V. **ADVANCE TANK AND CONSTRUCTION CO.,** **Defendant.** | CIVIL ACTION NO. 4:17-cv-01426 JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT
COLLECTIVE ACTION & JURY DEMAND**

## SUMMARY

1. Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees.

2. Plaintiff Shawn Hennigan, and the employees he seeks to represent ("Class Members"), are current and former hourly paid manual laborers employed by Defendant Advance Tank and Construction Co. ("Defendant" or "Advance Tank") during any work week three years prior to the time notice is issued to the present.

3. This case implicates Defendant's longstanding policy of knowingly and deliberately failing to compensate Plaintiff and Class Members for their overtime hours based on the time and one-half formula under the FLSA.

4. Defendant violated the FLSA in the following manners:

   a. Defendant failed to take into account all remunerations when calculating the regular hourly and overtime rates.

5. Consequently, Defendant's compensation policy violates the FLSA's mandate that non-exempt employees, such as Plaintiff and Class Members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) hours in a week.

6. Plaintiff seeks to recover, on behalf of himself and the Class Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

7. Plaintiff also prays that the class of similarly situated hourly-paid manual laborers be notified of the pendency of this action and apprised of their rights so that they may have an opportunity to join this litigation in a manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## SUBJECT MATTER JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, and specifically the FLSA, 29 U.S.C. § 216(b).

9. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business in this district.

## PARTIES & PERSONAL JURISDICTION

10. Plaintiff Shawn Hennigan is an individual who resides in Chambers County, Texas. His written consent form to this action is attached hereto as Exhibit "1."

11. The Class Members are all hourly paid manual laborers employed by Defendant at any time during the three years prior to filing of this Complaint up to the present.

12. Defendant Advance Tank and Construction Co. is a Wyoming for-profit corporation, which does business in Texas. Defendant may be served process through its registered agent as follows: National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas Texas 75201.

13. Defendant at all times relevant to this action has had sufficient minimum contacts with the State of Texas to confer personal jurisdiction upon it by this Court. Defendant conducts business throughout Texas. Furthermore, Defendant contracted with and employed Texas residents, like Plaintiff and Class Members, to conduct its business in Texas.

## FLSA COVERAGE

14. At all material times, Defendant has been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

15. At all material times, Defendant has been an enterprise within the meaning of 29 U.S.C. § 203(r).

16. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) due to the fact Defendant has and continues to have employees engaged in commerce.

17. Defendant has an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203 (s)(1)(A)(ii).

18. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

19. Manual laborers, like the Plaintiff and Class Members, are non-exempt employees under the FLSA.

**SUMMARY OF FLSA VIOLATIONS & RELEVANT FACTS**

20. Advance Tank is a fully integrated industrial construction company that specializes in the design, fabrication and erection of above ground welded steel plate structures. Specifically, Defendant fabricates and provides maintenance of petroleum holding tanks located at refineries throughout the country.[1]

21. Defendant employed hourly paid manual laborers to fabricate and provide maintenance work associated with its steel structure business. Its manual labor force consists of, but is not limited to, welders and bullgangers.

22. Plaintiff was employed by Defendant as a manual laborer. Plaintiff was first employed by Defendant from on or about August 2015 through January 2016. He later worked for Defendant from June 2016 through February 2017.

23. Plaintiff worked at an Exxon refinery in Baytown, Texas that contracted with Defendant for its services.

24. Plaintiff's primary duty consisted of manufacturing and maintaining steel tanks that held petroleum product at refineries. Plaintiff routinely worked over forty hours in a workweek. His hours fluctuated from week-to-week, but on average he worked sixty (60) hours per week.

25. Defendant pays its manual laborers an hourly rate.

---

[1] http://advancetank.com/.

26. In addition to hourly pay, Defendant's manual laborers receive non-discretionary daily payments ("per diems") of $80.

27. These payments were excluded from Plaintiff's regular rate and overtime rate in violation of the FLSA.

28. The per diem was intended to reimburse Plaintiff and all Class Members for expenses normally incurred by an employee for his own benefit and convenience, such as lunch, rent, and other normal everyday expenses.

29. Because the per diem was not used to reimburse Plaintiff and Class Members for expenses incurred by an employee in the furtherance of the employer's interest or benefit, the per diem is actually a disguised wage. Consequently, the per diem should be included in the regular rate calculation for overtime purposes.

30. Plaintiff and Class Members were not properly compensated at one-and-one-half times their regular rate – as defined by the FLSA – for all overtime worked in excess of forty hours in a single workweek.

## COLLECTIVE ACTION ALLEGATIONS

31. As part of their regular business practices, Defendant has intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

32. Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

33. Plaintiff brings this complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were, are, or will be employed by Defendant as manual laborers within three (3) years from the commencement of this action to the present.

34. Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff since his claims are similar to the claims possessed by Class Members.

35. Plaintiff has actual knowledge that Class Members working for Defendant throughout the United States have likewise been denied overtime at the rate mandated by the FLSA.

36. Plaintiff is similarly situated to the Class Members. Class Members perform or have performed the same or similar work as the Plaintiff.

37. Like Plaintiff, the Class Members were (a) hourly paid and (b) were paid overtime at the incorrect federally mandated premium rate because "per diems" were not included in the calculation of their overtime rates.

38. The names and addresses of the Class Members of the collective action are discoverable from the Defendant. To the extent required by law, notice will be provided to these individuals via First Class Mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

39. Although the exact amount of damages may vary among Class Members, damages can be calculated, summed, and allocated based on a simple formula.

40. The claims of the Plaintiff and Class Members arise from a common nucleus of operative facts, namely the continued and willful failure of Defendant to comply with its obligation to legally compensate their employees.

41. As such, the class of similarly situated Class Members is properly defined as follows:

**All current and former hourly paid manual laborers who were paid a "per diem" employed by Advance Tank during the three-year period before the filing of this complaint up to the present.**

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

42. Plaintiff incorporates the preceding paragraphs by reference.

43. Defendant violated the FLSA by failing to pay Plaintiff and Class Members overtime based on the statutory formula provided in the FLSA.

44. For all the time worked in excess of forty (40) hours in individual workweeks, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rates. 29 U.S.C. § 207.

45. The Defendant violated and continues to violate the FLSA when it failed to pay Plaintiff and Class Members consistent with the statutorily mandated overtime rate for each hour worked over forty (40) in a single work week.

46. No exemption provided in the FLSA or recognized by courts authorizes the Defendant to disregard paying overtime to its employees when such overtime is earned.

47. Defendant's failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Therefore, a three-year statute of limitations applies to this action and Defendant is liable for liquidated damages.

## DAMAGES SOUGHT

48. Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

49. Plaintiff and Class Members are entitled to recover an amount equal to all their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

## JURY DEMAND

50. Plaintiff and Class Members hereby demand a trial by jury.

## PRAYER FOR RELIEF

51. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a. All unpaid wages;

   b. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   c. An equal amount as liquidated damages as allowed under the FLSA;

   d. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

   e. Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

SHELLIST | LAZARZ | SLOBIN LLP

By: */s/ Todd Slobin*
 Todd Slobin
 Texas Bar No. 24002953
 tslobin@eeoc.net
 Ricardo J. Prieto
 Texas Bar No. 24062947
 rprieto@eeoc.net
 11 Greenway Plaza, Suite 1515
 Houston, Texas 77046
 Telephone: (713) 621-2277
 Facsimile: (713) 621-0993

 ATTORNEYS FOR PLAINTIFF &
 CLASS MEMBERS